## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

Merchants Automotive Group, Inc.

    v.                                    Civil No. 14-cv-318-JD
                                              Opinion No. 2014 DNH 241
Advantage Opco, LLC


O R D E R

The plaintiff, Merchants Automotive Group, Inc.
("Merchants"), brought this action seeking a declaratory
judgment to clarify the obligations of the defendant, Advantage
Opco, LLC ("Advantage"), under a Master Lease Agreement (the
"Lease").  Merchants originally brought suit in New Hampshire
state court, and Advantage removed the case to this court.

Advantage's notice of removal asserted federal subject
matter jurisdiction based on diversity of citizenship.  28
U.S.C. § 1332(a).  Alternatively, in a footnote, Advantage
asserted federal subject matter jurisdiction under 28 U.S.C. §
1334, which vests federal district courts with jurisdiction to
hear certain disputes that arise in, or are related to, a
pending federal bankruptcy proceeding.  Merchants has now moved
to remand the case to state court.  Advantage opposes the motion
to remand, but also moves for leave to file an amended notice of
removal.

Background

This is a complex commercial dispute involving parties that
are in the business of leasing and renting automobiles.
Merchants is a New Hampshire-based retailer and wholesaler of
motor vehicles.  Advantage is a Florida limited liability
company and operates a national car rental company that does
business as "Advantage Rent-A-Car."  Advantage's sole member is
Advantage Holdco, Inc. ("Advantage Holdco"), a Delaware
corporation with its principal place of business in Florida.

Previously, Advantage was owned by Simply Wheelz, LLC
("Wheelz").  In April of 2013, Wheelz and Merchants entered into
the Lease, whereby Wheelz received approximately $58 million
worth of automobiles to lease to its customers.[1]

Shortly thereafter, in November of 2013, Wheelz filed for
Chapter 11 bankruptcy protection in the United States Bankruptcy
Court for the Southern District of Mississippi.[2]  During the
pendency of the bankruptcy proceeding, a Canadian private equity
firm successfully bid to acquire Wheelz's assets.  After the
closing of the acquisition, the private equity firm assigned its

---

[1] The Lease was subsequently amended twice.  References to
the "Lease" refer to the Lease, as amended.

[2] See In re: Simply Wheelz LLC, d/b/a Advantage Rent-A-Car,
Chap. 11 Case No. 13-03332-EE (Bankr. S.D. Miss.).

rights and obligations to Advantage, its affiliate and the defendant in this suit.  Thus, at present, Advantage rents to its retail customers vehicles that are owned by Merchants and that Merchants leased to Wheelz pursuant to the Lease. Merchants seeks a declaratory judgment that Advantage is liable as a successor-in-interest to Wheelz under the Lease.

## Discussion

Merchants moves to remand the case to state court on the ground that Advantage did not properly allege diversity of citizenship in its notice of removal.  Merchants also argues that subject matter jurisdiction does not exist under § 1334 because this case is not adequately related to the Wheelz bankruptcy proceeding.  In response, Advantage moves to amend the notice of removal and objects to the motion to remand.  The motion to amend is addressed first because the result affects the motion to remand.

I.   Advantage's Motion to Amend

In its notice of removal, Advantage asserted subject matter jurisdiction based on diversity of citizenship.[3]  Advantage

---

[3] Advantage also contended, in a lengthy footnote, that federal jurisdiction existed because the suit "aros[e] in" or was "related to" Wheelz's pending federal bankruptcy proceeding. See 28 U.S.C. § 1334(b).

stated that complete diversity existed because Merchants was a New Hampshire corporation with a principal place of business in New Hampshire, and Advantage was a Delaware limited liability company with a principal place of business in Florida. Merchants moves to remand on grounds that, as a limited liability company, Advantage had to demonstrate diversity by providing the citizenship of all of its members or partners. Merchants points out that Advantage did not do so in the notice of removal because Advantage failed to identify its sole member, Advantage Holdco, and Advantage Holdco's citizenship.  See Pramco, LLC v. San Juan Bay Marina, Inc., 435 F.3d 51, 54-55 (1st Cir. 2006) (noting that the "citizenship of a limited liability company is determined by the citizenship of all of its members").

Advantage moves to amend the notice of removal to allege that Advantage Holdco, like Advantage, is incorporated in Delaware and has its principal place of business in Florida. Merchants objects.  The parties dispute whether Advantage can amend the notice of removal and whether the amendment that Advantage seeks to make is within the scope of amendments permissible under 28 U.S.C. § 1653.

A.   <u>Amendment of a Notice of Removal</u>

A defendant may file a notice of removal setting forth a "short and plain statement of the grounds for removal" within thirty days of being served with a complaint.  28 U.S.C. §§ 1446(a)-(b).  During these thirty days, the defendant may freely amend its notice of removal.  14C Charles Alan Wright & Arthur Miller, <u>Federal Practice and Procedure</u> § 3733 (4th ed. 2009). Here, the thirty day period for freely amending the notice of removal has passed, and the parties dispute whether Advantage's proposed amendment should be allowed.

Section 1653 provides that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."  28 U.S.C. § 1653.  Merchants contends that § 1653 does not permit amendment of a notice of removal. Merchants supports this contention by reaching back in time to a case from 1894, <u>Grand Trunk Ry. Co. v. Twitchell</u>, 59 F. 727 (1st Cir. 1894), in which the First Circuit held that a notice of removal could not be amended.  <u>Grand Trunk</u>, however, was decided long before congressional enactment of § 1653.  Merchants argues that § 1653 cannot be interpreted to abrogate <u>Grand Trunk</u> because the First Circuit has never held that to be the case. Merchants cites no authority, however, for the proposition that

an ancient case cannot be abrogated by a more recent statute
when the issuing court has not overruled the original case.

The First Circuit has not had the opportunity to address
Grand Trunk in light of congressional enactment of § 1653 and
more recent developments in the law.  Other courts, however,
interpret § 1653 to allow amendment of a notice of removal to
state previously-omitted jurisdictional facts in certain
circumstances.  See, e.g., Wood v. Crane, 764 F.3d 316, 322-23
(4th Cir. 2014); Gibson v. Am. Cyanamid Co., 760 F.3d 600, 606-
07 (7th Cir. 2014); Menendez v. Wal-Mart Stores, Inc., 364 F.
App'x 62, 66 (5th Cir. 2010) (per curiam).  Therefore, § 1653
governs the issue of amendment of the notice of removal in this
case.

B.    Scope of Amendment Allowed under § 1653

Cases applying § 1653 tend to turn on the nature of the
defective allegation and the revision to the notice of removal
that the defendant seeks to make.  "Courts generally allow a
defendant to amend a notice of removal after the thirty day time
limit for 'technical defects in the jurisdictional allegations,
but not to add a new basis for federal jurisdiction.'"  Haber v.
Massey, 904 F. Supp. 2d 136, 141 (D. Mass. 2012) (quoting In re
Pharm. Indus. Average Wholesale Price, 509 F. Supp. 2d 82, 95

6

(D. Mass. 2007)); see also Wood, 764 F. 3d. at 323 (holding that "district courts have discretion to permit amendments that correct allegations already present in the notice of removal . . . [but] have no discretion to permit amendments furnishing new allegations of a jurisdictional basis").

The First Circuit has noted that § 1653 is "normally construed liberally so as to avoid dismissals of complaints on technical grounds. Thus, [] technical defects in jurisdictional pleadings usually are not fatal." Odishelidze v. Aetna Life & Cas. Co., 853 F.2d 21, 24 (1st Cir. 1988) (per curiam) (citations omitted). Furthermore, many courts have held that an amendment to provide a member of a limited liability company and its citizenship falls within the amendments allowed under § 1653. See, e.g., Gibson, 760 F.3d at 606-07; Mallory & Evans Contractors & Eng'rs, LLC v. Tuskegee Univ., 663 F.3d 1304, 1305 (11th Cir. 2011) (per curiam); Rios v. Mall of La., No. 13-740-BAJ-RLB, 2014 U.S. Dist. LEXIS 39126, at *3 (M.D. La. Mar. 25, 2014); Covert v. Auto. Credit Corp., 968 F. Supp. 2d 746, 750-51 (D. Md. 2013). In contrast, the dated cases from other jurisdictions on which Merchants relies for the proposition that § 1653 does not permit amendment in these circumstances involve different situations and are not persuasive here. See Hubbard v. Tripp, 611 F. Supp. 895, 896-97 (E.D. Va. 1985) (removing

party alleged diversity of citizenship at the time of removal,
but not at the time that the complaint was filed); Bradford v.
Mitchell Bros. Truck Lines, 217 F. Supp. 525, 528 (N.D. Cal.
1963) (removing party failed to identify the citizenship of any
of the plaintiffs in the notice of removal).

    C.   Application

    In the notice of removal, Advantage alleged jurisdiction
based on diversity, but failed to identify Advantage Holdco or
its place of incorporation and principal place of business,
which is the information Advantage seeks to add by amendment.
Advantage contends that such an amendment is appropriate under §
1653 because the amendment would merely cure a defective
allegation.  Merchants responds that Advantage Holdco's
citizenship was never alleged in the first place, so the
proposed amendment cannot be fairly viewed as curing an existing
but defective allegation.

    Advantage's original notice of removal plainly asserted
federal subject matter jurisdiction on the basis of diversity.
The original notice was defective, however, because while it
identified Advantage's citizenship, it failed to identify
Advantage Holdco as a member of Advantage, and therefore failed
to specify Advantage Holdco's citizenship.  Importantly,

8

Advantage does not now seek to add a new basis for federal
jurisdiction, or to provide allegations regarding diversity
jurisdiction that were entirely absent from the original notice
of removal.  Rather, Advantage still seeks to remove on the
basis of diversity jurisdiction, and asks merely to amend the
notice of removal to specify the citizenship of Advantage Holdco
as the sole member of Advantage.  The proposed amendment cures a
technical defect, and therefore Advantage's motion for leave to
file an amended notice of removal is granted.

II.   Merchants' Motion to Remand

     Merchants seeks to remand the case to state court on
grounds that Advantage has failed to adequately allege complete
diversity of citizenship, and that this dispute is
insufficiently related to the pending bankruptcy proceeding to
require removal under § 1334.  In the alternative, Merchants
takes the position that the court should remand the case on the
basis of 28 U.S.C. § 1452(b), which provides that a district
court may remand any matter removed by virtue of its relatedness
to a bankruptcy proceeding "on any equitable ground."

     Advantage's amended notice of removal specifies that
Advantage Holdco is a Delaware corporation with a principal
place of business in Florida.  Because Merchants is a New

9

Hampshire corporation with a principal place of business in New

Hampshire, there is complete diversity of citizenship, and the

court has subject matter jurisdiction pursuant to § 1332(a).

Therefore, the court need not consider the alternative basis for

jurisdiction under § 1334.  Furthermore, § 1452(b) does not

apply when the case has not been removed based on § 1334

relatedness jurisdiction.  See In re Mortgs., Ltd., 452 B.R.

776, 787 (Bankr. D. Ariz. 2011) ("The plain language of [§

1452(b)] clearly apples only to claims that have been removed on

account of bankruptcy jurisdiction.").  For these reasons,

Merchants' motion to remand is denied.

Conclusion

For the foregoing reasons, Advantage's motion for leave to

file an amended notice of removal (doc. no. 11) is granted, and

Merchants' motion to remand (doc. no. 6) is denied.

SO ORDERED.

Joseph DiClerico, Jr.
United States District Judge

November 20, 2014

cc: Holly J. Barcroft, Esq.
    Steven J. Dutton, Esq.
    Bruce W. Felmly, Esq.