```
            UNITED STATES DISTRICT COURT FOR THE
                  DISTRICT OF NEW HAMPSHIRE
```

Merchants Automotive Group, Inc.

    v.                                        Civil No. 14-cv-318-JD
                                                          Opinion No. 2015 DNH 029

Advantage Opco, LLC

## O R D E R

Merchants Automotive Group, Inc. ("Merchants") brought suit in state court, seeking a declaratory judgment as to the obligations of Advantage Opco, LLC ("Advantage") under an agreement for leasing vehicles to use in the rental car business. Advantage removed the case to this court and now moves to have the case transferred to the Southern District of Mississippi. Merchants objects to transfer.

## Background[1]

Advantage operated a national rental car company, Advantage-Rent-A-Car, and was owned by Simply Wheelz, LLC. In April of 2013, Wheelz and Merchants signed the Master Lease Agreement for Merchants to lease vehicles with certain financing for Advantage-Rent-A-Car. A few months later, in November of 2013, Wheelz filed a voluntary petition for bankruptcy protection under Chapter 11 in the United States Bankruptcy Court for the Southern

---

[1] The background facts are taken from Merchants's complaint and the parties' filings in support of and in opposition to the motion to transfer.

District of Mississippi, <u>In re: Simply Wheelz LLC, d/b/a Advantage-Rent-A-Car</u>, Case No. 13-03332-EE (Bankr. S.D. Miss.)

A week after filing the petition, Wheelz moved for permission to sell all of its assets. The bankruptcy court set a procedure for the sale, which included bidding and an auction. Catalyst Capital Group, Inc. ("Catalyst"), a private equity firm based in Canada, successfully bid to acquire certain assets from Wheelz. Catalyst and Wheelz entered into an asset purchase agreement ("APA"). The bankruptcy court held a hearing on Wheelz's motion to sell its assets and reviewed the APA. On January 2, 2014, the bankruptcy court issued an order ("Sale Order") that granted Wheelz's motion to sell the designated assets and approved the APA. The parties appear to agree that, under the terms of the APA, the Master Lease Agreement between Wheelz and Merchants was not one of the assets purchased by Catalyst.

Wheelz closed the asset sale to Catalyst on April 30, 2014, and Catalyst designated Advantage as the purchaser of the assets. Merchants alleges that just before the closing of the asset sale, Wheelz leased approximately 3400 vehicles from Merchants. Advantage contends that Wheelz terminated the Master Lease on April 29, 2014, the day before closing the asset sale. After the closing, Advantage and Wheelz entered a transition services agreement ("TSA") through which Wheelz allowed Advantage, for payment, to use certain assets that had not been purchased through the APA, which included the leased vehicles.

Advantage represents that Wheelz, Merchants, and Advantage engaged in negotiations before and after the sale closing to arrive at a lease arrangement, but the negotiations were unsuccessful.  Advantage also represents that Wheelz has continued to make payments to Merchants for the leased vehicles.

Merchants brought suit in June of 2014, seeking a declaratory judgment that Advantage is the successor to Wheelz's obligations under the Master Lease, that Advantage is the "Customer" as that term is defined and used in the Master Lease, and that Advantage is liable to Merchants as the Customer under the Master Lease.  In response, Wheelz filed a motion in the bankruptcy proceeding titled: "Motion of Debtor for Entry of an Order Approving the Assumption and Assignment and Sale, Pursuant to Bankruptcy Code Sections 105(a), 363, and 365 and Bankruptcy Rules 2002, 6004, and 6006, of Certain Vehicle Leases of the Debtor with Merchants Automotive Group, Inc. and Granting Related Relief" ("Assignment Motion").  The Assignment Motion remains pending in the bankruptcy proceeding.

## Discussion

Advantage moves to transfer this case to the Southern District of Mississippi on grounds that the bankruptcy court in the Wheelz proceeding has exclusive jurisdiction over this case, that the automatic stay applies to this case, and that the Southern District of Mississippi would be a more convenient forum.  Merchants objects to transfer and asserts that this court

has jurisdiction, that the automatic stay does not apply to this case, and that transfer is not appropriate.

I. Jurisdiction

In its notice of removal, Advantage asserted that this court has subject matter jurisdiction under 28 U.S.C. § 1332. As the removing party, Advantage has the burden of showing that jurisdiction exists. Gross v. Sun Life Assurance Co., 734 F.3d 1, 7 (1st Cir. 2013). Now, in support of its motion to transfer the case to the Southern District of Mississippi, Advantage has changed course and argues that this court lacks subject matter jurisdiction over the dispute. Advantage now asserts that the bankruptcy court has exclusive jurisdiction over the case based on its Sale Order and 28 U.S.C. § 1334.[2]

Section 1334 provides that "the district courts shall have original and exclusive jurisdiction of all cases under title 11" and "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." § 1334(a) & (b). A case is "related to" a bankruptcy case if the case has "some potential effect on the bankruptcy estate." In re Paolo, 619 F.3d 100, 102 n.2 (1st Cir. 2010). In addition, "[t]he district court in which a case under

---

[2] If, as Advantage asserts, this court lacked subject matter jurisdiction at the time of removal, the case would be remanded to the New Hampshire state court from which it was removed, an outcome Advantage opposed. See 28 U.S.C. § 1447(c). Advantage has not shown that the jurisdictional argument supports transferring the case to the Southern District of Mississippi.

4

title 11 is commenced or is pending shall have exclusive jurisdiction -- (1) of all property, wherever located, of the debtor as of the commencement of such case, and of property of the estate; . . . ."  § 1334(e).

Merchants's suit is not a case under title 11.  Therefore, the bankruptcy court does not have exclusive jurisdiction under § 1334(a).

Advantage argues, however, that the Sale Order precludes Merchants's claim in this case and that the bankruptcy court is the only court that can interpret the Sale Order.  Advantage provides no developed argument and no citation to authority to show that this court is precluded from interpreting the Sale Order.  In essence, Advantage is challenging the merits of Merchants's claim, not the court's jurisdiction to hear the case. To the extent Advantage argues that this case is related to the bankruptcy proceeding, within the meaning of § 1334(b), that circumstance would not divest this court of jurisdiction.

Advantage mentions in passing that § 1334(e) confers exclusive jurisdiction in the Southern District of Mississippi. In support, Advantage states only that Merchants's claim "concerns the Master Agreement, or more accurately, the contractual provisions that survived the Debtor's notice of termination (i.e., the Remaining Vehicle Leases), and hence the Debtor's rights and obligations thereunder indisputably constitute property of its bankruptcy estate subject to the exclusive jurisdiction provisions of 28 U.S.C. 1334(e)."

Advantage's statement falls far short of a persuasive analysis of the jurisdictional significance of the Master Lease in the context of Merchants's claim in this case.  To the extent Advantage challenges the jurisdiction of this court based on § 1334(e), it may file a properly supported motion to that effect within the time allowed below.

The court is satisfied that subject matter jurisdiction exists under § 1332.

II.  <u>Automatic Stay</u>

Advantage supports its motion for transfer, in part, on the ground that this case is subject to an automatic stay under § 362(a), arising from Wheelz's bankruptcy proceeding.  Advantage does not explain, however, by what means the case could be transferred if it were stayed.  Instead, it appears, once stayed, the case would remain in this district until the stay was lifted.  Although the automatic stay issue does not appear to support Advantage's motion to transfer, the court must determine whether the case must be stayed or may proceed.

The filing of a bankruptcy petition may trigger automatic stay provisions in the Bankruptcy Code that bar actions against the debtor or actions to obtain or gain control over property of the estate.  11 U.S.C. § 362(a).  "[T]he automatic stay creates 'breathing room' for debtors, at least temporarily . . . ."  <u>Soto-Rios v. Banco Popular de P.R.</u>, 662 F.3d 112, 116 (1st Cir. 2011).  Once imposed, the automatic stay continues until "the

stay is lifted by the bankruptcy court or dissolved by operation of law." In re Shamus Holdings, LLC, 642 F.3d 263, 265 (1st Cir. 2011).

In support of its motion to transfer the case, Advantage states that Wheelz is a necessary party and the real party in interest in this case. Although Advantage cites no part of § 362(a) or any case law in support of that assertion, it appears Advantage may have intended to invoke an exception to § 362(a)(1). Advantage also relies on § 362(a)(3).

A. Section 362(a)(1)

By its terms, § 362(a)(1) applies to "action[s] or proceeding[s] against the debtor" and to actions "to recover a claim against the debtor . . . ." § 362(a)(1) (emphasis added); see Monarch Life Ins. Co. v. Ropes & Gray, 65 F.3d 973, 979 (1st Cir. 1995); In re Two Appeals Arising Out of San Juan Dupont Plaza Hotel Fire Litig., 994 F.2d 956, 969 (1st Cir. 1993) ("As a general rule, section 362(a)'s automatic stay provisions apply only to the debtor in bankruptcy."). Wheelz, the bankruptcy debtor, is not a party in this case.

To the extent Advantage may have intended to argue that the stay applies because Wheelz is a necessary party under Federal Rule of Civil Procedure 19, that argument was not sufficiently developed to be addressed. See Coons v. Indus. Knife Co., Inc., 620 F.3d 38, 44 (1st Cir. 2010); Higgins v. New Balance Ath. Shoe, Inc., 194 F.3d 252, 260 (1st Cir. 1999). In addition,

7

Wheelz has not moved to intervene, and Advantage has not moved to join Wheelz as a party in this case.

Courts have recognized an exception to the general rule that § 362(a)(1) applies only to actions or proceedings against the debtor in rare and unusual circumstances when the debtor is not named but is the real party in interest. See, e.g., Kreisler v. Goldberg, 478 F.3d 209, 213 (4th Cir. 2007); In re Panther Mountain Land Dev., LLC, 686 F.3d 916, 922 (8th Cir. 2012); Reliant Energy Servs. v. Enron Canada Corp., 349 F.3d 816, 825 (5th Cir. 2003). Advantage has fallen far short of showing that the exception would apply here.

B. Section 362(a)(3)

Advantage argues that an automatic stay under § 362(a)(3) applies because Merchants's declaratory judgment claim would adversely affect Wheelz's interests in the Master Lease, the APA, and the TSA and would violate an injunction issued by the Bankruptcy Court in the Sale Order. Merchants responds, arguing that its claim does not seek control over any property or interest of Wheelz and that the TSA and the Sale Order have no effect on this case.

Section 362(a)(3) provides that a stay shall issue against "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." "Property of the estate" is defined broadly to include "all legal or equitable interests of the debtor in

8

property as of the commencement of the case." 11 U.S.C. § 541(a)(1); In re The Ground Round, Inc., 482 F.3d 15, 17 (1st Cir. 2007).

### 1. Contract Interests

Advantage contends that if Merchants were successful on its declaratory judgment claim, the result would invalidate Wheelz's termination of the Master Lease which would have substantial financial consequences to Wheelz, would violate the terms of the APA, and would be contrary to the parties' intent in the TSA. Advantage contends that, in effect, Merchants is attempting to force Wheelz to assume the Master Lease and assign it to Advantage. In response, Merchants states that it is not seeking to compel Wheelz to do anything but, instead, is seeking a declaratory judgment that Advantage, by its own conduct, has assumed Wheelz's obligations under the Master Lease.

At this stage, Advantage's theories about the possible harm to Wheelz's contract interests are too hypothetical and speculative to support imposition of an automatic stay. See, e.g., In re Downey Fin. Corp., 428 B.R. 595, 610 (Bankr. D. Del. 2010); In re Medex Regional Labs., LLC, 314 B.R. 716, 722-23 (E.D. Tenn. 2004).

Advantage also argues that if Merchants were successful on its claim in this case, the resulting collateral estoppel effect would force Wheelz to assume the Master Lease and then to assign the lease to Advantage. A forced assignment of the Master Lease,

Advantage asserts, "is an act of control over property of the Debtor's estate that contravenes the automatic stay." In support, Advantage relies on In re Jefferson County, Ala., 491 B.R. 277 (Bankr. N.D. Ala. 2013).

In Jefferson County, the bankruptcy court denied a motion to lift or modify the stay, under § 362(a), imposed in one of two related state court lawsuits that did not name the debtor as a party. 491 B.R. at 281. The court noted that although the debtor was not named as a party in one of the two suits, the debtor was a party in the other related suit, which was proceeding before the same judge, with the same claims arising out of the same facts, and with coordinated discovery. Id. The court also found that the debtor's and the non-debtor party's interests were "inextricably interwoven" because of their indemnification agreements and claims for common law indemnification and contribution, because discovery in the case against the non-debtor would burden the debtor and hinder the adjustment of its debts, and because the preclusive effect against the debtor of findings in the suit against the non-debtor party would require the debtor's participation. Id. at 293-94.

The unusual circumstances in Jefferson County are not present here. This case is the only case involving the issues between Merchants and Advantage pending in this court.[3]

---

[3]Apparently, Advantage is asserting that the Assignment Motion makes the bankruptcy case and this case identical as in Jefferson County. The analogy is unpersuasive given the different jurisdictions, different claims, and different parties.

Advantage has not suggested that Advantage and Wheelz have indemnification or contribution agreements between them as the parties did in <u>Jefferson County</u>. Advantage has not shown that discovery in this case could burden Wheelz or that findings in this case would have an adverse preclusive effect on Wheelz in the bankruptcy case. As such, the circumstances and reasoning in <u>Jefferson County</u> are inapposite here.

  2. <u>Injunction</u>

In its supplemental memorandum, Advantage asserts that the bankruptcy court issued an injunction in the Sale Order that "squarely prohibited Merchants or any other creditor from asserting successor liability claims against Advantage Opco." Merchants responds that Advantage's invocation of the Sale Order is a red herring.

"Every order granting an injunction and every restraining order must: (A) state the reasons why it issued; (B) state its terms specifically; and (C) describe in reasonable detail--and not by referring to the complaint or other document--the act or acts restrained or required." Fed. R. Civ. P. 65(d). An injunction is not enforceable unless it meets the specificity required by Rule 65(d). <u>Healey v. Spencer</u>, 765 F.3d 65, 74 (1st Cir. 2014).

Advantage did not cite any part of the Sale Order to show that an injunction issued or make any developed argument to show that an injunction exists and that it is enforceable against

Merchants.  Even if the Sale Order included an injunction, Advantage does not explain how an injunction would require the imposition of an automatic stay under § 362(a)(3).  Therefore, Advantage has not shown that any injunction in the Sale Order requires an automatic stay in this case.

This case is not stayed under § 362(a).

III.  Transfer

Advantage moves to transfer the case to the United States District Court for the Southern District of Mississippi, relying on both 28 U.S.C. § 1404 and § 1412.  In support, Advantage asserts that the issues raised by Merchants here are similar to the issues raised by Wheelz in the Assignment Motion in the bankruptcy proceeding, that transfer would be convenient for the parties, and that transfer would promote efficient adjudication of the dispute.  Merchants objects, contending that venue is proper in this district and that no grounds exist to transfer the case to the Southern District of Mississippi.

A.  Section 1404

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought."  § 1404(a).  "'Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to individualized, case-by-case considerations

12

of convenience and fairness.'" <u>Astro-Med, Inc. v. Nihon Kohden Am., Inc.</u>, 591 F.3d 1, 12 (1st Cir. 2009) (quoting <u>Stewart Org., Inc. v. Ricoh Corp.</u>, 487 U.S. 22, 29 (1988)) (further internal quotation marks omitted)).  The pertinent considerations include the convenience of parties and witnesses, the availability of documentary evidence, the possibility of consolidation with another case, the relative costs, public interest in having a local controversy adjudicated in the local forum, where the underlying incidents occurred, and whether a forum selection clause exists.  <u>Coady v. Ashcraft & Gerel</u>, 223 F.3d 1, 11 (1st Cir. 2000); <u>CFTC v. Cromwell Fin. Servs., Inc.</u>, 2006 WL 435451, at *2 (D.N.H. Feb. 22, 2006) (citing <u>Moore's Federal Practice</u> § 111.13(1)(b)).  "The burden of proof rests with the party seeking transfer; there is a strong presumption in favor of the plaintiff's choice of forum."  <u>Coady</u>, 223 F.3d at 11.

    1.  <u>Venue</u>

As a threshold issue, "[i]n order for the court to transfer under § 1404(a), it must be shown that the case could have been properly brought in the transferee forum." <u>CardiAO Valve Techs., Inc. v. Neovasc, Inc.</u>, --- F. Supp. 3d ---, 2014 WL 5151320, at *1 (D. Mass. Oct. 3, 2014).  "A civil action may be brought in - (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . .;

or (3) if there is no district in which an action may otherwise be brought . . . any judicial district in which an action may otherwise be brought . . . ."  28 U.S.C. § 1391(b).

Advantage, the moving party with the burden of proof, did not address the question of whether Merchants could have properly brought this case in the Southern District of Mississippi.  For that reason alone, the motion must be denied.

In addition, based on the parties' allegations, it appears that Advantage is a Florida limited liability company and that its sole member is a Delaware corporation with its principal place of business in Florida.  As such, Advantage does not appear to reside in Mississippi.  There are no allegations that any of the incidents that gave rise to Merchants's claim occurred in Mississippi.  Therefore, it appears that venue would not be proper in Mississippi.

### 2. Considerations for Transfer

Even if Advantage had made the necessary showing for venue in Mississippi, the circumstances do not support transfer. Neither Merchants nor Advantage is located in Mississippi. Advantage has not shown that any witnesses or evidence is located in Mississippi or that underlying incidents occurred there.  The dispute between Merchants and Advantage appears to have no local interest in Mississippi and there is no suggestion that costs wold be minimized by proceeding there.

Based on the current record, the case cannot be transferred to the Southern District of Mississippi in the absence of a showing that venue would be proper in that district.

### B. Section 1412

Advantage argues in a perfunctory manner for transfer pursuant to § 1412. Section 1412 provides that "[a] district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties."

This suit was not brought under Title 11. "[A]uthorities are divided on whether Section 1412 applies to actions related to cases under Title 11 or only actions under Title 11 or arising in cases under Title 11." New Eng. Wood Pellet, LLC v. New Eng. Pellet, LLC, 419 B.R. 133, 148 (D.N.H. 2009). It is not necessary to decide whether this case could be construed as a case related to a case under Title 11 and whether § 1412 would apply because transfer would be based on the same analysis that was used for § 1404. Id. Advantage has not shown any plausible reason to transfer this case to the Southern District of Mississippi.

### Conclusion

For the foregoing reasons, the defendant's motion to transfer (document no. 9) is denied.

If Advantage intends to pursue exclusive jurisdiction under 28 U.S.C. § 1334(e), it shall file a motion with appropriate support and addressing the issue of remand under 28 U.S.C. § 1447(c) **on or before March 5, 2015.**

SO ORDERED.

                                                          _____
                                                          Joseph A. DiClerico, Jr.
                                                          United States District Judge

February 19, 2015

cc:   Holly J. Barcroft, Esq.
        Steven J. Dutton, Esq.
        Bruce W. Felmly, Esq.